[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: PROPOSED STIPULATION
The parties proposed to the court a Stipulation re: custody and visitation, dated April 27, 1995. The minor child is represented by counsel, as is the mother, while the maternal grandparents and father appear pro se.
The stipulation refers to a Motion for Modification of custody which was filed some time ago. On March 23, 1994, the court, Harrigan, J., ordered the Family Services Office to monitor the progress of family therapy for a period of one year. The Family Services Office to monitor the case for visitation with the grandparents, and to see if mother could become a resource for the child. She had been incarcerated and had a long standing substance abuse problem. The Family Services Office filed a report on November 2, 1994, after interviews had CT Page 6599 been scheduled or completed, and after psychological evaluations of the parties had been agreed to. The parties had difficulty completing the psychological evaluations because of cost, and due to the incarceration of the mother, who finally was able to proceed with the evaluation when she entered a drug treatment facility.
The parties entered into the subject stipulation after mother was released from treatment, but after dad had had some major changes in his life. The court asked for the opinion of Family Serives [Services], and on the record in open court was told that Family could not approve the agreement, insofar as they deemed it not to be in the child's best interest.
The court has reviewed the file, has reviewed the evaluations and the report of family services. Without further information, and certain adjustments for mandatory treatment and monitoring, this court cannot ratify the stipulation of the parties.
The court orders that the parties status conference this case by conference call upon notice, to determine a time when the court can engage in a pre-trial conference, on the record with the parties to determine whether or not the concerns of the therapist, the evaluator, and the Family Services officers dealing with the file can be addressed.
The court is cognizant of the need for closure for the child, but the court is also aware of the serious issues facing the adults involved currently in this child's life. The court is aware of how the child's past treatment by adults has affected his life, and while on notice, is duty bound to attempt to assist the child by monitoring follow through by those significant adults.
The Stipulation is not accepted, nor will it be the order of this court.
DRANGINIS, J.